```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| BEVERLY J. FALKNER, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 11-3130-STA-tmp |
| | ◊ | |
| WATER GROVE INVESTORS, LLC, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

```
                   ORDER CORRECTING THE DOCKET
         ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
                      ORDER GRANTING LEAVE TO AMEND
              ORDER DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT
               ORDER DENYING DEFENDANTS' MOTION TO DISMISS
         ORDER DENYING PLAINTIFF'S MOTIONS FOR MISCELLANEOUS RELIEF
           ORDER DENYING PLAINTIFF'S MOTION FOR NOTED MEMORANDUM
                           ORDER OF DISMISSAL
              ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                  AND
         ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
```

On December 27, 2011, Plaintiff Beverly J. Falkner a/k/a Beverly J. Richmond, a resident of Memphis, Tennessee, filed a pro se civil complaint, titled Violation of Fair Housing Rules & Regulations, accompanied by motions seeking leave to proceed in forma pauperis and appointment of counsel. (ECF Nos. 1, 2 & 3.)[1] On December 29, 2011, the Court granted leave to proceed in forma pauperis. (ECF No. 4.) The Clerk shall record the defendant as

---

[1] Plaintiff's last name was changed after she entered into the lease at issue in this action. The Clerk is directed to correct the docket to reflect Plaintiff's alias, which is the name under which she initially transacted business with Defendants.

Water Grove Investors, LLC, which was sued as "Watergrove Investors, LLC."[2]

Since the commencement of this action, the parties have filed various documents and motions. On December 27, 2011, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 3.) Plaintiff filed additional documents pertaining to her motion on January 12, 2012. (ECF Nos. 8 & 9.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "'a privilege that is

---

[2] The Clerk is directed to correct the docket to reflect the correct legal name of Defendant Water Grove, which was obtained from the Apartment Lease Contract. (ECF No. 1-1 at 6.) Plaintiff's allegations against the Madison at Cypress Lakes Apartments ("Madison"), which was sued as "Madison at Cypress Lakes," are properly asserted against Water Grove.

The Complaint also purports to sue the "owners" of Cypress Lake Apartments. (ECF No. 1 at 1.) The Apartment Lease Agreement identifies Water Grove as the owner. (ECF No. 1-1 at 6.) To the extent Plaintiff purports to sue any other person or entity, service of process cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, if Plaintiff seeks to sue any other individual or entity, she must identify the defendant and file a new suit in the appropriate court within the applicable statute of limitations.

justified only by exceptional circumstances.'" <u>Lavado</u>, 992 F.2d at 606 (quoting <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." <u>Archie v. Christian</u>, 812 F.2d 250, 253 (5th Cir. 1987); <u>see also</u> <u>Poindexter v. FBI</u>, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." <u>Cookish v. Cunningham</u>, 787 F.2d 1, 3 (1st Cir. 1986).

<u>Id.</u> at 606.[3] Appointment of counsel is not appropriate when a <u>pro se</u> litigant's claims are frivolous or when her chances of success are extremely slim. <u>Id.</u> (citing <u>Mars v. Hanberry</u>, 752 F.2d 254, 256 (6th Cir. 1985)); <u>see also</u> <u>Cleary v. Mukasey</u>, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[4]

Plaintiff has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Plaintiff's motion distinguishes this case from numerous other cases filed by <u>pro se</u> litigants. The motion for appointment of counsel is DENIED.

On January 6, 2012, Plaintiff filed a Motion for Judgment in Favor of Plaintiff's Complaint, Violation of Federal Fair Housing Rules & Regulations, Filed December 27, 2011, for Continued Violation of Federal Fair Housing Rules and Regulations (ECF No. 5), which, despite the title, appears to seek leave to amend.

---

[3] A plaintiff is not entitled to an evidentiary hearing on the issue. <u>Sutton v. Small Bus. Admin.</u>, 92 F. App'x 112, 116 (6th Cir. 2003).

[4] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Ct.</u>, 490 U.S. 296, 310 (1989).

3

Defendant filed a response to the motion on January 12, 2012. (ECF No. 7.)[5] On January 12, 2012, Plaintiff filed a Motion for Judgment (ECF No. 10), which appears to be another amendment. Because the case has not been screened under 28 U.S.C. § 1915(e)(2)(B), Plaintiff is entitled to amend her complaint as a matter of right. The Court GRANTS leave to amend. The operative pleading in this matter is the original Complaint, as amended by ECF Numbers 5 and 10.[6]

On January 9, 2012, and January 10, 2012, Plaintiff filed documents pertaining to her case, but she did not file an amended complaint incorporating those materials. (ECF Nos. 11 & 12.) Plaintiff filed additional documents on January 19, 2012 (ECF No. 16) that were not accompanied by an amended pleading.

On January 12, 2012, Plaintiff filed a document purporting to name three friends as her legal guardians with power of attorney. (ECF No. 13.) That document is of no legal force or

---

[5] On January 20, 2012, Plaintiff filed two documents that appear to be replies in further support of Plaintiff's motion. (ECF Nos. 17 & 18.) The Court's Local Rules require a party to obtain leave of Court before filing a reply. LR 7.2(c) ("Except as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response."). Because Plaintiff did not seek leave to reply, the Court will not consider her unauthorized replies. The documents will be considered as responses to Defendant's motion to dismiss.

[6] To the extent Plaintiff seeks a default judgment, her motion is without merit. Service on a defendant in federal court requires a summons. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). The Clerk does not issue summonses where a plaintiff is proceeding in forma pauperis until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B) and the Court orders service. See LR 4.1(b). Because no summonses have issued in this case, Defendant has no obligation to respond to the Complaint. Plaintiff's motion for judgment is DENIED.

4

effect. A party in federal court must proceed either through licensed counsel or on her own behalf. See 28 U.S.C. § 1654. A pro se litigant can only represent her own interests,[7] and can only sign pleadings on her own behalf.[8] A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person.[9] Plaintiff must proceed either pro se or through licensed counsel.

On January 12, 2012, Defendant filed a Motion to Dismiss the action on various grounds. (ECF No. 6.) Plaintiff responded to the motion on January 20, 2012. (ECF Nos. 17 & 18.)[10] Defendant's motion does not comply with LR 7.2(a)(1), which requires a legal memorandum. To the extent Defendant seeks dismissal of the

---

[7] Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

[8] Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction."); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotation marks and alteration omitted); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted).

[9] Johns, 114 F.3d at 676 (affirming dismissal of complaint with prejudice that was filed pursuant to a general power of attorney); J.M. Huber Corp. v. Roberts, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (notice of appeal signed by a nonlawyer pursuant to a power of attorney ineffective to give rise to appellate jurisdiction); Walsh v. Internal Revenue Serv., No. 1:08-CV-1132 (W.D. Mich. Oct. 12, 2009) (report and recommendation), adopted, 2009 WL 4261212 (W.D. Mich. Nov. 24, 2009).

[10] The Clerk is directed to correct the docket to reflect that ECF No. 18 is not a motion.

Complaint due to Plaintiff's failure properly to effect service, the motion is meritless. The time specified in Federal Rule of Civil Procedure 4(m) has not expired. Because the Court has not screened the Complaint and authorized the Clerk to issue summonses, Plaintiff has good cause for her failure to serve Defendant. The motion to dismiss is DENIED.

On January 18, 2012, Plaintiff filed a motion, titled "Motion for Miscellaneous Relief," that asked that all documents she filed be scanned by the Clerk and that any further delay in the issuance of a scheduling order be disallowed. (ECF No. 15.) The motion does not establish that the Clerk has failed to scan any documents presented by Plaintiff. Because this case will be dismissed for the reasons stated infra, no scheduling order will issue. The motion is DENIED.

On January 23, 2012, Plaintiff filed a Motion for Noted Memorandum and Miscellaneous Relief (ECF No. 21), which refers to a letter from the Clerk's office directing her that documents submitted for filing must contain the case caption and case number. It is unclear whether the Clerk's letter refers to documents that Plaintiff attempted to file in this case.[11] Plaintiff's motion does

---

[11]   Plaintiff filed several cases within a short period of time. In addition to the instant case, Plaintiff has filed Falkner v. Southern Transp. Inc., No. 11-2778-STA-cgc (W.D. Tenn.), which was filed on September 9, 2011 and closed on January 25, 2012; Falkner v. Pyramid Used Cars, No. 11-2786-STA-cgc (W.D. Tenn.), which was filed on September 12, 2011, and closed on November 18, 2011; Falkner v. Pilot, No. 11-2787-STA-tmp (W.D. Tenn.), which was filed September 12, 2011; Falkner v. Law Office of Darrell J. O'Neal, No. 11-2881-JPM-cgc (W.D. Tenn.), filed October 6, 2011; Falkner v. VA Med. Center Memphis, No. 11-2982-STA-cgc (W.D. Tenn.), filed November 3, 2011; and Falkner v. Frankie's, No. 11-3015-STA-cgc (W.D. Tenn.), filed November 14, 2011.

not clearly state the relief she seeks and it is, therefore, DENIED.

The Complaint alleges that, in May, 2010, Plaintiff applied to become a tenant at Madison. Plaintiff was charged a fee of two hundred fifty dollars ($250.00) because of her "credit issues." (ECF No. 1 at 1.) The Complaint alleges that "Defendant did not apply the fee anywhere on the lease." (Id.) Plaintiff also paid a security deposit in the amount of eighty-seven dollars and fifty cents ($87.50). (Id.) The Complaint further alleges that, on move-in day in May, 2010, Defendant refused to give Plaintiff the keys until she presented "mandatory proof of Apartment Dwellers Insurance." (Id.) Plaintiff obtained the required insurance from State Farm, and she received the keys to her apartment. She avers that "[i]nsurance has expired and defendant has not contacted Plaintiff regarding renewal." (Id.) Plaintiff seeks money damages in the amount of $3,555,000. (Id. at 2.)[12]

Attached to the Complaint are various documents concerning Plaintiff's lease. (ECF No. 1-1.) Those documents reflect that the apartment was jointly leased by Plaintiff and Sherinka Hill. (See, e.g., id. at 6.)

In the amendment filed on January 6, 2012, Plaintiff alleges that, on January 5, 2012, her roommate, Hill, "was given the option by defendant to sign a roommate release form, which would release her from the responsibility of the lease, if

---

[12] In a later filing, Plaintiff clarified that the events at issue occurred in 2011. (ECF No. 10 at 1.)

[Plaintiff] would come to the office and sign the form. This caused an argument between Plaintiff and roommate. Rent is due on the first day of the month, and late after the 6th day of the month. This is a direct violation of Defendant's Continued Violation Of Federal Fair Housing Rules and Regulations." (ECF No. 5 at 1.) Plaintiff reiterates her demand for judgment in the amount of $3,555,000, and asks that it be paid within fourteen (14) days. (Id.)

The amendment filed on January 12, 2012, states that the date of the events at issue is May, 2011, not May, 2010. (ECF No. 10 at 1.) The amendment further alleges that, on January 6, 2012, Defendant left a letter in Plaintiff's door requesting access to her apartment for a final inspection although the lease does not expire for another seven or eight months. Defendant sent a maintenance worker to Plaintiff's apartment on January 7, 2012, to attempt entry with a key. On January 9, 2012, Defendant left a notice that the water to Plaintiff's apartment was being turned off. Plaintiff paid the rent for January on January 9, 2012. On January 11, 2012, Defendant notified Plaintiff that the rent had not been paid. (Id.)[13]

---

[13] The attachments to this amendment undercut Plaintiff's allegations. The January 6, 2012, letter does not explicitly state that Defendant will do a final inspection on Plaintiff's apartment. Instead, the letter states that Plaintiff's lock may have to be drilled during the time scheduled for final inspections if Plaintiff does not provide Defendant a key to the apartment. (Id. at 3.) The document dated January 9, 2012, notifies all residents that the water will be turned off to repair a leak. (Id. at 5.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action —

>   (i)     is frivolous or malicious;
>
>   (ii)    fails to state a claim on which relief may be granted; or
>
>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, ___ U.S. at ___, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, ___ U.S. at ___, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the

9

complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not

10

spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), cert. denied, ___ U.S. ___, 132 S. Ct. 461 ( 2011).

The first issue to be considered is whether the Court has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[14] Federal

---

[14] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the
(continued...)

courts are obliged to act <u>sua sponte</u> whenever a question about jurisdiction arises.[15] Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff's Complaint does not comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's Complaint, as amended, includes no jurisdictional allegations.

Under 28 U.S.C. § 1331, which governs federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Complaint refers to "Fair Housing Rules & Regulations" (ECF No. 1 at 1), but no such rules have been identified and it is unclear whether the

---

[14] (...continued)
statutes enacted by Congress pursuant thereto."); <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee</u>, 456 U.S. 694, 701 ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

[15] See, e.g., <u>Insurance Corp. of Ireland, Ltd.</u>, 456 U.S. at 702 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 287 n.10 (1938); <u>Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.</u>, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue <u>sua sponte</u>").

reference is to federal or state law. Therefore, the Complaint does not adequately allege that there is federal question jurisdiction.

The Complaint also does not adequately allege that there is diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity purposes, a limited liability company is treated as a partnership rather than a corporation. Thus, a limited liability company is a citizen of every state in which one or more of its members resides.[16] "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties."[17]

The Complaint does not adequately allege that there is diversity jurisdiction in this case. Plaintiff is a resident of Tennessee, and the complaint does not allege that she is a citizen of some other state. Defendant Water Grove is alleged to be a

---

[16] Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732-33 (6th Cir. 2002); see also Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.") (collecting cases); GMAC Comm. Credit v. Dillard Dep't Stores, 357 F.3d 827, 829 (8th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

[17] Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint without prejudice for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).

limited partnership that owns the apartment complex where Plaintiff lives. The Complaint does not identify Water Grove's members and does not state that none of its members are citizens of Tennessee.

The Complaint, as amended, also fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint does not identify the legal bases for Plaintiff's claims and does not adequately allege that Defendant engaged in wrongdoing.

Therefore, the Court DISMISSES the action for want of subject-matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. The Court also DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is WITHOUT PREJUDICE. Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

14

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

Ｔhe good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and for want of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not

15

proceed on appeal <u>in forma pauperis</u>. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED.[18]

       IT IS SO ORDERED this 26th day of January, 2012.


                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

---

[18] If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.