```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

BEVERLY J. FALKNER,

      Plaintiff,

vs.           No. 11-3130-STA-tmp

WATER GROVE INVESTORS, LLC,

      Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR AN INVESTIGATION
ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE IN FORMA PAUPERIS
ORDER DENYING PLAINTIFF'S MOTION REGARDING DEFENDANTS [sic]
CONTINUED DISRESPECT FOR THE JUDICIAL PROCESS
AND
ORDER PRECLUDING FURTHER FILINGS IN THIS CLOSED CASE

On December 27, 2011, Plaintiff Beverly J. Falkner a/k/a Beverly J. Richmond, a resident of Memphis, Tennessee, filed a pro se civil complaint, titled Violation of Fair Housing Rules & Regulations. (ECF No. 1.) The Court issued an order on January 27, 2012, that, inter alia, dismissed the complaint for want of subject-matter jurisdiction and failure to state a claim. (ECF No. 24.) Judgment was entered on January 30, 2012. (ECF No. 28.)

At the time the dismissal order was entered, the Clerk's office had received several documents that it had not docketed, namely, two Motions for Miscellaneous Relief (ECF Nos. 25 & 26) and a Motion in Response to Defendant's Omnibus Response of Madison at Cypress Lakes and its Owners, et al in Opposition to Plaintiff's Amended Motion in Response to Defendant's Response in Opposition to

Plaintiff's Motion for Judgment and Standing Opposition to Any and All Such Other Similar Motions Which May be Filed by Plaintiff (ECF No. 27). The Court has now examined those filings and determined that they do not affect its holding that the Complaint should be dismissed for want of subject-matter jurisdiction and failure to state a claim.

On January 27, 2012, Plaintiff filed a Motion for Investigation of Fraudulent Activity in the United States District Court, Western District of Tennessee and Reinstatement of In Forma Pauperis. (ECF No. 29.) Plaintiff was aware of the dismissal order when she filed that motion. (See id. at 5-20.) On February 1, 2012, Plaintiff filed a Notice of Additional Documentation for Plaintiff's Motion for Investigation of Fraudulent Activity in the United States District Court for the Western District of Tennessee for Case #11-3130 Filed January 27, 2012 (ECF No. 32), which attached another copy of the order issued on January 27, 2012. On February 2, 2012, Plaintiff filed a Notice of Additional Documentation for Motion for Investigation of Fraudulent Activity in the U S District Court for the Western District of Tennessee Filed January 27, 2012 (ECF No. 33), which attached a copy of the judgment in this matter.

Although the text of motion is difficult to decipher, the Court assumes that Plaintiff is complaining that the Clerk's office had not filed the documents she submitted on January 24, 2012, and January 25, 2012, before issuance of the dismissal order. The Court is required to screen in forma pauperis complaints pursuant to 28

U.S.C. § 1915(e)(2), and summonses are issued only after that review is complete. The many motions and documents filed by Plaintiff before issuance of the screening order were neither necessary nor helpful. Those motions also present an undue burden to Clerk's office staff.[1] In this case, the brief delay in docketing the motions submitted by Plaintiff was not unreasonable and plainly was not fraudulent. The motion for an investigation is DENIED.

As for the request to reinstate Plaintiff's in forma pauperis status, the Court's decision does not alter the fact that Plaintiff was granted leave to proceed in forma pauperis before this Court. (ECF No. 4.) Before a litigant may proceed in forma pauperis on appeal, either the district court or the Court of Appeals must certify that an appeal would be taken in good faith. The Court has certified that any appeal by Plaintiff from the dismissal order would not be taken in good faith and, therefore, she may not proceed in forma pauperis on appeal. (ECF No. 24 at 15-16.) Plaintiff may, however, file a motion for leave to proceed in forma pauperis with the Court of Appeals. (Id. at 16 n.18.) Nothing in Plaintiff's filing persuades the Court that its certification that an appeal would not be taken in good faith was erroneous. The

---

[1] In addition to the documents filed by Plaintiff in the instant case on the days in question, she also filed multiple documents in several of her other cases.

motion to reinstate Plaintiff's in forma pauperis status is DENIED.[2]

On February 10, 2012, Plaintiff filed a Motion Regarding Defendants [sic] Continued Disrespect for the Judicial Process (ECF No. 34), which attaches a copy of a notice from Defendant that Plaintiff's rent is late. This case has been dismissed for want of subject-matter jurisdiction, and the filing of the instant action does not alter Plaintiff's obligation to pay rent. The motion is DENIED.

Because the Court lacks subject-matter jurisdiction over this action, no useful purpose would be served by continuing to address any motion Plaintiff may file. **THE CLERK IS DIRECTED NOT TO FILE ANY FURTHER DOCUMENTS SUBMITTED IN THIS CLOSED CASE EXCEPT FOR A NOTICE OF APPEAL.** Any documents submitted by Plaintiff other than a notice of appeal shall be returned to her without filing.

IT IS SO ORDERED this 13th_day of February, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2]   Plaintiff filed two additional documents on January 30, 2012, that need not be addressed because the case has been dismissed. (See ECF Nos. 30 & 31.)